IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROLYN MILLER            :
                          :
    v.                    :   CIVIL ACTION NO. WMN-00-3233
                          :
NEW BALTIMORE CITY BOARD  :
OF SCHOOL COMMISSIONERS   :

..oOo..

**O R D E R**

Subsequent to a jury trial, on July 17, 2002, judgment was entered in favor of defendant against plaintiff. (Paper No. 49.) Costs were to be assessed against the plaintiff. (*Id.*) No appeal was filed.

On August 6, 2002, the defendant filed a Bill of Costs in the amount of $3,107.74. (Paper No. 51.) Defendant seeks the taxation of (1) $2,465.65 in court reporter fees (2) $361.00 for witness fees; and (3) $281.09 in copying costs. (Id.)

The Bill of Costs has not been opposed. The taxation request is now ready for my consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D.Md. 2001). For the reasons that follow, the cost request shall be granted in part.

***Fees of the Court Reporter***

Defendant seeks the award of $2465.65 in court reporter fees associated with the depositions of Plaintiff Carolyn Miller, Dr. Gary Thrift, Alan Harris, Karunakar Selaraj and Linwood Roberts.

The Clerk may tax the costs of depositions under Fed. R. Civ.



P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. 1968), *aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied,* 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied,* 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case: (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Given the aforementioned restrictions of the Clerk's discretion, costs of the depositions of Carolyn Miller, Dr. Gary Thrift, Karunakar Selaraj and Linwood Roberts will be allowed in

the amount of $2144.70. Costs associated with delivery, minuscript, condensed transcript, diskette, postage, and "account service fees" are deemed duplicative or considered office overhead and are not recoverable. As it does not appear from the court record that Alan Harris testified at trial the costs associated with his deposition shall be denied.

### *Exemplification Costs*

The defendant requests the recovery of $281.09 in copy work costs.

The Clerk of this Court historically viewed copy work as general office overhead and disallowed the recovery of said item under 28 U.S.C. § 1920. *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. at 165. However, holdings of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). See also *Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319.

Defendant seeks the taxation of some $55.35 in fees billed by the EEOC for the records of plaintiff's complaint. However, these record fees are deemed to be discovery expenses and are not

recoverable under § 1920(4) or § 1921(a)(1)(B).

Defendant seeks $225.74 for copy costs associated with the copying of defendant's trial exhibits. Defendant has provided a receipt from Kinko's which indicates 1764 pages were copied at eight cents per page; 336 pages were copied at fifteen cents per page; seventy two items were hand stapled at ten cents an item; 121 pastel sheets were provided at four cents per page; and 121 items were hand collated at ten cents an item. The documents provided by defendant neither identify the documents or the trial exhibits with any specificity nor does it illustrate that the materials were actually admitted into evidence. Therefore, I have no way of assessing whether this large amount of "general" copy work was actually utilized as a trial exhibit or was otherwise furnished to this Court or opposing counsel pursuant to procedural rules. Consequently, exemplification costs shall be denied.

**Witness Fees**

Generally, if a witness testifies at trial, the prevailing party may recover as costs the fees and disbursements as to that witness. If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness. Given the limitations of the Clerk's authority and the fact that I was not present at trial, I shall allow the statutory $40.00 witness fee as well as the statutory mileage allowances, subsistence and parking fees to be taxed as to witnesses Walter W. Robbins, Karen Bowens, Lee V. Holland, and Michelle Baldwin, and Anna Stone. It does not appear that Judy

Barbour testified at trial. Therefore, the witness fees and mileage allowances requested for this individual shall be disallowed by the Clerk. For the aforementioned reasons, witness fee costs shall be allowed in the amount of $247.22.

The Clerk of Court shall docket and mail copies of this Order to counsel in this case.

Dated this 30th day of September 2002.

Felicia Cannon
Clerk of the Court
United States District Court for
the District of Maryland

---

[1] Plaintiff may file a Motion for Review of the Taxation within five days pursuant to Fed. R. Civ. P. 54(d). Plainly, the Court would be in the best position to determine whether this witness was necessarily present at trial and if the witness fees associated with her attendance was just given the factual circumstances of this case.